

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

March 18, 1992

Honorable A. J. Hartel
Liberty County Attorney
P. O. Box 9127
Liberty, Texas 77575-9127

Opinion No. DM-98

Re: Whether health care professionals employed on a part-time basis by a county to provide medical services to inmates in a county jail are entitled to indemnification and legal representation under sections 104.001, 104.004 and 110.002 of the Civil Practice and Remedies Code   (RQ-158)

Dear Mr. Hartel:

You inform us that Liberty County is attempting to employ physicians and nurses to provide medical care to inmates in the Liberty County Jail on a part-time basis. We have also been informed that the county currently employs a physician who is paid a salary of $1,000.00 per month and also receives $10.00 per patient examined and $3.00 per drug prescription reviewed. Registered nurses are paid for their services on an hourly basis. You explain that in order to attract health care professionals to work in the county jail, Liberty County would like to offer them the greatest benefits available, including state-funded indemnification and legal representation if possible. To that end, you ask whether health care professionals employed on a part-time basis by the Liberty County Jail to provide medical services to inmates are entitled to indemnification and legal representation under sections 104.001, 104.004, and 110.002 of the Civil Practice and Remedies Code.

Chapter 104 of the Civil Practice and Remedies Code provides that the state will indemnify and defend state employees and officials in certain kinds of legal actions. Specifically, section 104.001 of the Civil Practice and Remedies Code provides that the state shall indemnify a state employee or official for damages in an action based on an act or omission by the person in the course and scope of the person's state duties and lists those persons entitled to indemnification. *See* Civ. Prac. & Rem. Code § 104.002 (defining conduct entitled to indemnification). In

addition, section 104.004 provides that the attorney general shall defend those persons listed in section 104.001.

Certain physicians and psychiatrists are among the categories of persons entitled to indemnification and legal representation under sections 104.001 and 104.004. Specifically, section 104.001, subsection (3) indemnifies "a physician or psychiatrist licensed in this state who was performing services under a contract with any state agency, institution, or department . . . when the act or omission on which the damages are based occurred." In addition, subsection (1) of that provision indemnifies "an employee, a member of the governing board, or any other officer of a state agency, institution, or department." Therefore, the critical question for purposes of determining whether a physician or nurse employed by or under contract with the Liberty County Jail is entitled to indemnification and legal representation under chapter 104 of the Civil Practice and Remedies Code is whether Liberty County qualifies as a "state agency, institution, or department."

In Attorney General Opinion JM-197 (1984), this office considered whether county attorneys are entitled to indemnification and legal representation under former article 6252-26, V.T.C.S., the predecessor statute to chapter 104 of the Civil Practice and Remedies Code.[1] Reasoning that "article 6252-26 was meant to apply only to officers and employees of state agencies, institutions and departments having statewide jurisdiction," and noting that state indemnification for certain county officials and employees is provided in other statutes, we concluded that county attorneys were not covered by the statute. *Id.* at 2-3; *see also* Attorney General Opinion JM-1005 (1989) (officials and employees of river authority not entitled to indemnification under chapter 104 of the Civil Practice and Remedies Code). The legislature has not amended chapter 104 since 1984 to include county employees and officials within the definition of persons entitled to indemnification and legal representation. Therefore, we must conclude that a health care professional employed by or under contract with Liberty County would not be entitled to indemnification or legal representation under chapter 104.

Next we consider whether a health care professional employed by Liberty County to provide medical care to inmates of the Liberty County Jail would be entitled to indemnification under chapter 110 of the Civil Practice and Remedies Code. Generally, chapter 110 of the Civil Practice and Remedies Code provides

---

[1]Article 6252-26 was repealed in 1985 by legislation enacting the Civil Practice and Remedies Code. Former article 6252-26 was codified as chapter 104. Acts 1985, 69th Leg., ch. 959, at 3242, 3308.

that the state will indemnify health care professionals[2] who devote a certain percentage of their professional energies to "charity care or services" in a medical malpractice claim in an amount not to exceed $25,000.00. *See* Civ. Prac. & Rem. Code § 110.004.[3] A health care professional is entitled to indemnification if he or she "renders charity care in at least 10 percent of the patient encounters engaged in by said health care professional during the policy year in which the claim was made." *Id.* § 110.001(2).[4] "Charity care or services" is defined as care or services provided by a health care professional under several state and federal statutes that provide health care for the needy, including the Indigent Health Care and Treatment Act, chapter 61, Health and Safety Code.[5] *Id.* § 110.001(1).

Your letter and the brief submitted in support of your request suggest that because many of the inmates in the Liberty County Jail are indigents, a health care professional who provides medical care for inmates would automatically qualify for indemnification pursuant to chapter 110. This is not the case. As noted above, whether a particular health care professional is qualified for indemnification will depend upon the extent to which his or her overall practice is devoted to the treatment of the needy under certain state and federal statutes. Such a determination involves questions of fact which cannot be resolved in the opinion process. Although we cannot address whether a particular health care professional is entitled to indemnification under chapter 110, we can address the question whether treatment of indigent county jail inmates under the part-time arrangement you describe would constitute "charity care," as defined by section 110.001(1), for

---

[2]For purposes of chapter 110 of the Civil Practice and Remedies Code, a "health care professional" includes a person licensed to practice medicine under the Texas Medical Practice Act, a person registered by the Board of Nurse Examiners as an advanced practice nurse or a certified nurse midwife, or a person recognized by the Board of Medical Examiners as a physician assistant. Civ. Prac. & Rem. Code § 110.001(3).

[3]Section 110.004(a) authorizes indemnification in an amount up to $100,000.00 in cases resulting from prenatal care, labor and delivery, or resulting from emergency care.

[4]A "patient encounter" means "an occasion on which a health care professional renders professional health care services to a patient." *Id.* § 110.001(7).

[5]Other provisions included in the definition of "charity care or services" include Medicaid under chapter 32 of the Human Resources Code; the Maternal and Infant Health Improvement Act, chapter 32 of the Health and Safety Code; the Texas Primary Health Care Services Act, chapter 31 of the Health and Safety Code; the Chronically Ill and Disabled Children's Services Act, chapter 35 of the Health and Safety Code; or a contract with a migrant or community health center that receives funds pursuant to a specified federal program, 42 U.S.C. §§ 254b, 254c, 256. *Id.* § 110.001(1).

purposes of the requisite ten percent of a health care professional's yearly patient encounters.

Chapter 110 defines "charity care or services" to include "care or services provided by a health care professional under [the Indigent Health Care and Treatment Act]." Article 104.002 of the Code of Criminal Procedure provides that a prisoner in a county jail who receives medical services is required to pay for the services when rendered. Code Crim. Proc. art. 104.002(d). If, on the other hand, a prisoner "cannot pay for such services because of indigence, as defined in the Indigent Health Care and Treatment Act, [the] county shall assist the prisoner in applying for reimbursement through [the] Act or the hospital district of which he is a resident." *Id.* Thus, the medical care of some indigent inmates will ultimately be provided pursuant to the Indigent Health Care and Treatment Act.

We believe that treatment of such inmates pursuant to a contract to provide medical care under the Indigent Health Care and Treatment Act constitutes "care or services provided by a health care professional under [the act]" and therefore qualifies as "charity care or services" under chapter 110. On the other hand, we believe that treatment of such inmates under a contract such as the one you describe, where the health care professional agrees to render medical care in exchange for a flat fee and a per patient fee, regardless of the patient's payment source, would not necessarily qualify as "charity care or services." Chapter 110 explicitly requires that medical care be provided *"under"* the Indigent Health Care and Treatment Act. Thus, the contract with the health care professional must be drafted in light of the requirements of the Indigent Health Care and Treatment Act. A health care professional's incidental treatment under an arrangement such as the one you describe of a patient who happens to be entitled to medical care under the Indigent Health Care and Treatment Act does not necessarily constitute care under the act.

In sum, the medical care of county jail inmates pursuant to a contract to provide such care under the Indigent Health Care and Treatment Act constitutes "charity care."[6] Therefore, although the position of part-time physician or nurse in a county jail would not automatically qualify a health care professional for state indemnification, a health care professional who treats county jail inmates pursuant to a contract to provide such care in compliance with the Indigent Health Care and

---

[6]Of course, the medical care of county jail inmates pursuant to a contract to provide such care under any of the other statutes or programs listed in section 110.001(1), *see* note 5, *supra*, would also constitute "charity care."

Treatment Act may count such patient encounters toward the ten percent patient encounter minimum required for indemnification under chapter 110.

## SUMMARY

Health care professionals employed on a part-time basis by the Liberty County Jail to provide medical services to county jail inmates are not entitled to indemnification or legal representation under chapter 104 of the Civil Practice and Remedies Code.

The determination whether a particular health care professional employed on a part-time basis by the Liberty County Jail to provide medical care to inmates is entitled to indemnification under chapter 110 of the Civil Practice and Remedies Code depends upon the overall nature of his or her practice and involves questions of fact which cannot be resolved in the opinion process. If a health care professional provides medical care to indigent inmates pursuant to a contract to provide such care in compliance with the Indigent Health Care and Treatment Act, such care constitutes "charity care or services" for purposes of section 110.001(1), and counts toward the ten percent patient encounter minimum required for indemnification under that chapter. Treatment of such inmates under a contract where the health care professional agrees to render medical care in exchange for a flat fee and a per patient fee, regardless of the patient's payment source, would not necessarily qualify as "charity care or services."

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General